IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 0 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ISRAEL CALLERO MENDEZ, 01679093, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-2973-B |
| | ) | |
| LORIE DAVIS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P.

60(b). (ECF No. 36.) For the foregoing reasons, the Court finds the motion should be denied in

part, and construed as a successive petition in part.

On August 14, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28

U.S.C. §2254 challenging his conviction for capital murder. *State of Texas v. Israel Callero

Mendez*, No. F-0859468-N (195th Jud. Dist. Ct., Dallas County, Tex., Oct. 29, 2010). On

February 8, 2016, the district court denied the petition.

On February 24, 2016, Petitioner filed a motion for extension of time to file a notice of

appeal. On March 9, 2016, the Court granted him an extension until April 8, 2016, to file his notice of appeal. On March 28, 2016, Petitioner filed a motion for reconsideration of the judgment. On April 6, 2016, he filed a second motion for extension of time to file his notice of appeal. On April 18, 2016, the district court denied Petitioner's motion for reconsideration. The Court also denied his second motion for extension of time. On April 22, 2016, Petitioner filed a notice of appeal. On August 19, 2016, the Fifth Circuit Court of Appeals dismissed the appeal as untimely filed. *Mendez v. Davis*, No. 16-10529 (5th Cir. Aug. 19, 2016).

On September 21, 2017, Petitioner filed the instant Rule 60(b) motion. He argues: (1) the Court erred when it denied his second motion for extension of time to file his notice of appeal; and (2) the Court incorrectly denied his claims challenging the indictment and jury charge.

## II. Discussion

### 1. Notice of Appeal

Plaintiff filed his motion under Fed. R. Civ. P. 60(b)(1), (4), and (6).[1] He claims the district court erred when it denied his second motion for extension of time to file his notice of appeal.

---

[1]Fed. R. Civ. P. 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
　　　(1) mistake, inadvertence, surprise, or excusable neglect;

* * * *
　　　(4) the judgment is void;

* * * *
　　　(6) any other reason justifying relief from the operation of the judgment.

Under Rule 60(b)(1), the Court may grant relief due to mistake, inadvertence, surprise, or excusable neglect. A motion under Rule 60(b)(1), however, must be filed within one year. Petitioner failed to file his motion within one year of the district court's April 18, 2016, order denying his second motion for extension of time. His motion under Rule 60(b)(1) should be denied.

Under Rule 60(b)(4), the Court may grant relief if the judgment is void. Petitioner has failed to submit any evidence of a void judgment. His motion under Rule 60(b)(4) should be denied.

Finally, under Rule 60(b)(6), the Court may grant the motion for "any other reason that justifies relief." Here, Petitioner has failed to show the district court erred in denying Petitioner's second motion for extension of time. The Court's order granting Petitioner's first motion extended Petitioner's appeal deadline from thirty days to sixty days. Petitioner has failed to show he is entitled to relief under Rule 60(b)(4).

## 2.    28 U.S.C. § 2254

Petitioner claims the district court erred in denying his claim that the indictment was insufficient and in finding his jury charge claim procedurally barred. These claims challenge Petitioner's conviction and should be construed as a second or successive under § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).

A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## III.  Recommendation

For the foregoing reasons, the Court recommends that: (1) Petitioner's motion for relief from judgment based on the Court's denial of his second motion for extension of time to file an appeal should be denied; and (2) Petitioner's remaining claims should be construed as filed pursuant to 28 U.S.C. § 2254 and should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this ___ day of _____ 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).